UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVERLY McLAUCHLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AURORA LOAN SERVICES LLC, a ) <br> Delaware limited liability Including their ) <br> officers and Directors. ) <br> ) <br> Atty. Robert W. Norman Jr. ) <br> (Houser and Allison) ) <br> ) <br> Atty. Justin Balser ) <br> (Akerman Senter Fitt) ) <br> ) <br> Defendants. ) <br> _____ ) | CASE NO. C10-1560TSZ <br><br> ORDER |

THIS MATTER comes before the Court on the motion to dismiss, docket no. 5, filed by defendants Aurora Loan Services, LLC ("Aurora"), Robert Norman Jr., and Justin Balser, and the cross-motion to amend the complaint, docket no. 16, filed by plaintiff Everly McLaughlan. Having reviewed the papers filed in support of, and opposition to, the various motions, the Court enters the following Order.

ORDER PAGE -1

## BACKGROUND

In January 2007, plaintiff Everly McLaughlan financed the purchase of a home (the "Property") in Seattle with P.M.C. Bancorp ("PMC"). Request for Judicial Notice ("RJN"),[1] Ex. A, docket no. 7. While plaintiff was away on a family vacation in May 2007, the Property was destroyed in a fire. Compl. at 1, docket no. 1-2. When she returned home, plaintiff filed an insurance claim. Id. After investigating the incident, on March 14, 2008, plaintiff's insurer approved plaintiff's claim. RJN, Ex. B at ¶¶ 8-9, docket no. 7; compl. at 2, docket no. 1-2. Plaintiff's insurer paid the insurance proceeds jointly to plaintiff and PMC as required by the deed of trust. RJN, Ex. A at ¶ 7, docket no. 7; see also id. Ex. B. at ¶¶ 8-9. However, PMC had assigned its interest in the note to Aurora. Id. at ¶ 5. Thereafter, plaintiff encountered difficulty in getting PMC to endorse the check so that plaintiff could have the proceeds paid to Aurora, which would hold and disburse the insurance proceeds during the reconstruction process. Id. at ¶¶ 13-14. On June 27, 2008, plaintiff filed a lawsuit against PMC and Aurora to force PMC to endorse the insurance proceeds check. Id. Defendant Norman represented Aurora during the litigation. Compl. at 2, docket no. 1-2.

Shortly after commencing the litigation, plaintiff fired her attorney and began representing herself pro se. Id. at 2. Plaintiff contends that after she began representing herself, defendant Norman coerced her into dismissing the lawsuit with prejudice. Id. Specifically, plaintiff alleges

---

[1] Defendants ask the Court to take judicial notice of several documents which are appended as exhibits to docket no. 7. The Court takes judicial notice of Exs. A-B and D-G. These exhibits consist of public records (Ex. A, deed of trust; Ex. B, state court pleading; Ex. E, bankruptcy docket; Ex. F, bankruptcy schedules; Ex. F, bankruptcy motion) and matters referenced in the complaint (Ex. D, settlement agreement). The Court declines to take judicial notice of Ex. C (notice of assignment of deed of trust), as it does not appear to be a public record, and therefore is not properly before the Court for consideration on a motion to dismiss.

that she agreed to the dismissal under duress, because Aurora would only allow her to commence reconstruction if she agreed to dismiss the lawsuit.  Id.; see also Resp., docket no. 15.

After dismissing the lawsuit, plaintiff contends that the defendants ignored her requests and imposed substantial burdens on her ability to begin reconstruction.  Compl. at 2, docket no. 1-2. Plaintiff argues that, throughout 2009, Aurora (through its new attorney) intentionally delayed approval of reconstruction disbursements by refusing to return her telephone calls, by requiring plaintiff to purchase unnecessary insurance before making disbursements, and by other unspecified means.  Id. at 2-3.  Plaintiff also alleges that Aurora commenced wrongful foreclosure proceedings.  Id. at 3.  Plaintiff contends that the defendants' conduct was part of a larger scheme to wrongfully obtain ownership of the Property, and to prevent plaintiff from rebuilding her home. Id.

On March 29, 2010, plaintiff filed for chapter 7 bankruptcy protection.  RJN, Ex. E, docket no. 7.  In her bankruptcy schedules, plaintiff disclosed her claim against Aurora, but did not identify any claims against the individual defendants.  Id. Ex. F at 10, docket no. 7 ("Claimn [sic] against mortgageholder on investment property relating to misuse of insurance proceeds."). Plaintiff filed the present lawsuit in state court on August 27, 2010.  Not. of Removal, Ex. A, docket no. 1.  The Bankruptcy Court closed plaintiff's case on September 9, 2010.  RJN, Ex. E at 5, docket no. 7.

///

///

ORDER PAGE -3

///

## DISCUSSION

### A.   Defendants' Motion to Dismiss, Docket No. 5

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that (1) plaintiff's claims against the individual defendants are barred by the doctrines of judicial estoppel and standing;[2] and (2) plaintiff's complaint fails to plead sufficient facts to state a plausible claim for relief against all defendants.

   1.   <u>Judicial Estoppel & Standing</u>

Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in litigation, and then later seeking an advantage by taking a clearly inconsistent position in different litigation.   <u>Hamilton v. State Farm Fire & Casualty Co.</u>, 270 F.3d 778, 782 (9th Cir. 2001).   "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."   <u>Id.</u> at 783.

The individual defendants argue that plaintiff's claims against them arose prior to plaintiff's March 2010 bankruptcy.   Consequently, the individual defendants argue that plaintiff's falure to disclose her claims against them in her bankruptcy schedules, <u>see</u> RJN, Ex. F, docket no. 7, estops her from pursuing those claims in this case.   Plaintiff does not dispute that her claims against the individual defendants arose prior to her bankruptcy filing in March 2010.   Rather, plaintiff argues

---

[2] As the Court concludes that the doctrines of judicial estoppel and standing are dispositive of plaintiff's claims against the individual defendants, the Court declines to address the defendants' alternative defense of absolute litigation immunity.

that her failure to identify her potential claims in her bankruptcy schedules was inadvertent, citing In re Coastal Plains, Inc., 179 F.3d 197 (5th Cir. 1999). In Coastal Plains, the Fifth Circuit held that a debtor's failure to disclose an asset in his or her bankruptcy schedules is inadvertent where the debtor (1) lacks knowledge of the undisclosed claims; or (2) has no motive for their concealment. Id. at 210.

Although not argued by the individual defendants, the Ninth Circuit has not recognized the Fifth Circuit's inadvertence standard in bankruptcy cases. See Funtanilla v. Swedish Hospital Health Servs., 2011 WL 65945, *4 n.3 (W.D. Wash.) (Robart, J.) ("In the bankruptcy context . . . the Ninth Circuit has not recognized an exception for inadvertence or mistake. Rather, the debtor's failure to disclose, on its own, gives rise to judicial estoppel.").

Moreover, even if the Court were to apply the test set forth in Coastal Plains, plaintiff had knowledge of the facts giving rise to her claims against the individual defendants during the pendency of her bankruptcy, yet failed to disclose the claims in her bankruptcy schedules. Plaintiff had a continuing obligation to update her bankruptcy schedules throughout the bankruptcy as information became available to her. 11 U.S.C. § 521(1); Hamilton, 270 F.2d 785 ("The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceedings."). Although plaintiff argues that she was not aware of her claims against the individual defendants, she was clearly aware of the claims when she filed this lawsuit. Compl., docket no. 1-2. Yet plaintiff never filed revised bankruptcy schedules, even after she commenced the present lawsuit on August 27, 2010, which

was two weeks <u>before</u> the bankruptcy court closed plaintiff's case.  <u>See</u> RJN, Ex. E, docket no. 7. Her failure to file revised schedules estops her from bringing these claims.[3]

In the alternative, plaintiff lacks standing to pursue her claims against the individual defendants in this case because she failed to disclose those claims in her bankruptcy schedule. <u>Linklater v. Johnson</u>, 53 Wn. App. 567, 570, 768 P.2d 1020 (1989) ("When the trustee is unaware of an accrued right of action and, as a consequence, it is neither abandoned nor administered in the bankruptcy nor the subject of a court order, it remains property of the estate. . . .  Thus, a discharged debtor lacks legal capacity to subsequently assert title to and pursue an unscheduled claim simply because the trustee, without knowledge of the claim, took no action with respect to it."); <u>In re JZ LLC</u>, 371 B.R. 412, 418 (B.A.P 9th Cir. 2007) (noting that a chapter seven debtor lacks standing to pursue unscheduled claims post-bankruptcy because the claims remain the property of the estate); <u>see also</u> 11 U.S.C. §§ 350(b), 323(b) (although the bankruptcy court has the power to reopen the case to administer unscheduled assets, only the trustee has standing to pursue claims on behalf of the debtor's estate).

For the foregoing reasons, the Court GRANTS the motion and DISMISSES the individual defendants WITH PREJUDICE.

---

[3] In addition, plaintiff had knowledge of the facts giving rise to her claims when she filed her bankruptcy petition in March 2010.  For example, plaintiff argues, among other things, that the individual defendants coerced her into settling her state court lawsuit in 2008, and in 2009 initiated wrongful foreclosure actions and delayed delivering money to her that was due and owing.  Compl. at 2-3, docket no. 1-2.  Thus, plaintiff had notice of her potential claims against the individual defendants prior to filing for bankruptcy. <u>See</u> <u>Hamilton</u>, 270 F.3d at 785 (holding that judicial estoppel applied to preclude claims where the debtor knew the material facts giving rise to his claims prior to filing his bankruptcy schedules).

### 2. Insufficient Facts to State a Plausible Claim for Relief

Defendants also move to dismiss plaintiff's complaint because it fails to state a plausible claim for relief. Plaintiff's complaint is set forth in narrative form, describing a series of events and occurrences without any context, and with only conclusory allegations of harm. See Compl., docket no. 1-2. Plaintiff's complaint fails to plead factual content that allows the Court to draw the reasonable inference that the defendants are liable for any misconduct. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Accordingly, the Court GRANTS defendants' motion to dismiss for failure to state a plausible claim for relief. However, if the Court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Therefore, the Court must consider plaintiff's motion for leave to file an amended complaint, at least as to defendant Aurora.[4]

**B.   Plaintiff's Motion to Amend, Docket No. 16**

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a).[5] However, leave to amend need not be granted where an amendment would be futile. Ventress, 603 F.3d at 680.

Defendants argue that any amendment would be futile because plaintiff's claims are nothing more than conclusory, conspiracy theories, and as such, plaintiff cannot plausibly show that she is entitled to relief. In contrast to her first complaint, however, plaintiff's proposed amended

---

[4] The Court DENIES leave to amend as to the individual defendants because any amendment would be futile; all of plaintiff's claims against these individuals are barred by judicial estoppel and standing. Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010) (holding that the Court need not grant leave to amend where the amendment would be futile).

[5] Plaintiff purports to bring her motion to amend, in part, pursuant to Fed. R. Civ. P. 13(f). The Court construes plaintiff's motion as a motion to amend her complaint pursuant to Fed. R. Civ. P. 15(a).

complaint provides detailed factual descriptions of the defendants' alleged misconduct, and further identifies with specificity plaintiff's claims, legal theories, and facts that plaintiff contends show the causal link between the defendants' conduct and plaintiff's injuries.   Prop. Am. Compl., docket no. 16-1.   For example, plaintiff alleges that Aurora promised to perform certain obligations, such as disbursing construction funds, in exchange for plaintiff's agreement to perform certain acts, such as obtaining insurance, and that despite performing her end of the agreement, the defendant reneged.   Id. at ¶ 31.   Plaintiff also alleges that Aurora inappropriately withdrew plaintiff's money from escrow without her authorization to purchase expensive, unnecessary insurance.   Id. at ¶ 38-39.   Plaintiff's proposed amended complaint sets forth sufficient facts to satisfy the low threshold showing on a motion to dismiss.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss, docket no. 5. The Court further GRANTS in part and DENIES in part plaintiff's motion for leave to amend, docket no. 16.   The Court GRANTS in part plaintiff's motion as to Aurora.   The Court DENIES in part plaintiff's motion as to the individual defendants.   The Court DIRECTS Plaintiff to file a revised amended complaint, consistent with the Court's Order, within thirty (30) days.

IT IS SO ORDERED.

DATED this 8th day of March, 2011.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge