UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVERLY McLAUCHLAN, )
) CASE NO. C10-1560TSZ
Plaintiff, )
)
v. ) ORDER
)
AURORA LOAN SERVICES LLC, a )
Delaware limited liability company, )
)
)
Defendant. )
_____ )

THIS MATTER comes before the Court on Aurora Loan Services' motion to dismiss, docket no. 31. Having reviewed the papers filed in support of, and opposition to, the motion, the Court hereby GRANTS in part and DENIES in part the motion.

**BACKGROUND**

In January 2007, Plaintiff Everly McLauchlan financed the purchase of a home in Seattle, Washington, with P.M.C. Bancorp (PMC). Amended Complaint ¶ 1 (docket no. 25). The property was destroyed by a fire on or around May 4, 2007. Id. at ¶ 6. On March 14, 2008, after investigating the incident, plaintiff's insurer approved her claim. Id. at ¶ 12. Her insurer paid the

insurance proceeds jointly to plaintiff and PMC, as required by the deed of trust. Id. However, PMC had assigned the note to Aurora Loan Services ("Aurora"). Id. at ¶ 4. On June 27, 2008, when the check was not yet endorsed over to Aurora, plaintiff initiated a lawsuit against PMC and Aurora in Washington State Superior Court demanding endorsement and disbursement of insurance proceeds. See Exh. B to Aurora's motion to dismiss (docket no. 32-2). On February 2, 2009, the claims were settled out of court. See Exh. C to Aurora's motion to dismiss (docket no. 32-3). Defendant agreed to make disbursements to a construction company in accordance with the deed of trust in exchange for plaintiff releasing defendant from all claims. Id. at ¶¶ 3, 4 (docket no. 32-3). Plaintiff contends that she was coerced into signing the agreement, and she signed it under duress. Amended Complaint at ¶¶ 29, 31 (docket no. 25). She was acting *pro se*, and according to her, reconstruction would commence only if she signed the agreement. Id. at ¶ 30.

After the parties settled, plaintiff learned that she had been underpaying her loan because defendant had purchased fire insurance which raised the monthly mortgage payments. Id. at ¶ 39. According to plaintiff, her payments were returned to her, and foreclosure procedures began. Id. at ¶ 43. Also, she claims that at this time, defendant instructed her to obtain vacant dwelling insurance to cover the reconstruction period. Id. at ¶ 32. McBride Construction ("McBride") received payment for its previous work ($126, 083.19), but McBride did not complete any additional work. Id. at ¶ 49. The parties tried to reach a settlement with regard to the reconstruction and loan payments, but negotiations were unsuccessful. Id. at ¶ 54.

# DISCUSSION

## A. Standard of Review

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010). The claim must be plausible on its face, meaning plaintiff must plead factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or formulaic recitation of the elements of the cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). If the court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### 1. Plaintiff satisfies the low threshold with respect to Breach of Fiduciary Duty (4)[1], Unjust Enrichment (7), and Violation of the Consumer Protection Act (18).

With respect to plaintiff's claims of a Breach of Fiduciary Duty (4), Unjust Enrichment (7), and Violation of the Consumer Protection Act (18), plaintiff pled sufficient facts to satisfy the low threshold showing on a motion to dismiss. Therefore, the motion to dismiss is DENIED.

///

///

///

---

[1] The Order refers to the number of the cause of action in the Amended Complaint.

2. <u>Plaintiff concedes dismissal is appropriate with respect to Breach of Implied Warranty (2), Request for Accounting (13), Request for Original Loan Documents and Chain of Custody (14), Request for Defendant to Reveal Officers and Agents (15), and Injunctive Relief (¶ 160).</u>

With respect to plaintiff's claim of a Breach of Implied Warranty (2), plaintiff concedes that it will not be a separate cause of action but will be encompassed in the breach of contract claim. See response at 8 (docket no. 36). Also, plaintiff admits that her Request for Accounting (13), Request for Original Loan Documents and Chain of Custody (14), and Request for Defendant to Reveal Officers and Agents (15) should be dismissed, and the requests will be addressed during discovery. Id. at 13; Fed. R. Civ. P. 26-37. Finally, plaintiff concedes that her request for Injunctive Relief (¶ 160) should be dismissed; foreclosure proceedings have already moved forward on the home. See response at 14 (docket no. 36). Accordingly, the motion to dismiss is GRANTED, and these claims are DISMISSED with prejudice.

3. <u>Plaintiff does not plead sufficient facts to support a separate cause of action for Breach of Implied Covenant of Good Faith (3).</u>

To support a separate cause of action for a breach of implied covenant of good faith, plaintiff must allege that defendant engaged in distinct conduct from the conduct involved in the breach of contract claim. Edifecs v. Tibco, 2011 WL 1045645 at *3 (W.D. Wash.). Plaintiff asserts no distinct conduct warranting a separate cause of action. The only statement she makes is a conclusory allegation that "Aurora acted so far out of the bounds of good faith, it seems prudent to present this claim as a separate claim." See response at 9 (docket no. 36).

Plaintiff acknowledges, however, that this may not be a separate cause of action and could be encompassed in the breach of contract claim. Id. Accordingly, the motion to dismiss the Breach

of Implied Covenant of Good Faith as a separate cause of action is GRANTED, and this claim is DISMISSED with prejudice.

> 4. <u>Plaintiff's claim for Rescission and Restitution (11) are remedies for a breach of contract claim and not a separate cause of action.</u>

With respect to plaintiff's claim for Rescission and Restitution (11), these are remedies for a breach of contract claim, not a separate cause of action. Accordingly, the motion to dismiss Rescission and Restitution as a separate cause of action is GRANTED, and this claim is DISMISSED with prejudice.

> 5. <u>Plaintiff does not plead sufficient facts to state a plausible claim for relief with respect to the remaining causes of action.</u>

With respect to plaintiff's claims of Breach of Contract (1), Conspiracy to Commit Fraud (5), Fraud (6), Wrongful Foreclosure (8), Slander of Title (9), Slander of Credit (10), Negligence (12), Intentional Infliction of Emotional Distress (16), and Negligent Infliction of Emotional Distress (17), plaintiff's Amended Complaint fails to plead factual content that allows the Court to draw the reasonable inference that the defendant is liable for any misconduct. See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Accordingly, the motion to dismiss is GRANTED, and these claims are DISMISSED without prejudice.

**B. Leave to Amend**

If the court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). Fed. R. Civ. P. 15(a)(2) allows a party to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The Amended Complaint was written when plaintiff was *pro se*. While she pled facts thoroughly, it is difficult to clearly

ascertain all of the claims related to those facts. An amendment, therefore, would help to clarify the remaining causes of action.

Plaintiff, now represented by counsel, indicates in her response that she will file a motion to amend the complaint no later than June 2, 2011. Response at 5 (docket no. 36). While the motion has not yet been filed, judicial efficiency supports allowing plaintiff to amend, even if the formal request has not yet been received.

**C. Conclusion**

For the foregoing reasons, the Court orders:

(1) Aurora Loan Services' motion to dismiss with respect to the following causes of action is DENIED: Breach of Fiduciary Duties (4); Unjust Enrichment (7); and Violation of the Consumer Protection Act (18).

(2) Aurora Loan Services' motion to dismiss with respect to the following causes of action is GRANTED and these claims are DISMISSED WITH PREJUDICE: Breach of Implied Warranty as a separate cause of action (2), Breach of Implied Covenant of Good Faith as a separate cause of action (3); Rescission and Restitution as a separate cause of action (11); Request for Accounting (13); Request for Original Loan Documents and Chain of Custody (14); Request for Defendant to Reveal Officers and Agents (15); and Injunctive Relief (¶ 160).

(3) Aurora Loan Services' motion to dismiss with respect to the following causes of action is GRANTED and these claims are DISMISSED WITHOUT PREJUDICE: Breach of Contract (1); Conspiracy to Commit Fraud (5); Fraud (6); Wrongful Foreclosure (8);

Slander of Title (9); Slander of Credit (10); Negligence (12); Intentional Infliction of Emotional Distress (16); and Negligent Infliction of Emotional Distress (17).

(4) The Court DIRECTS Plaintiff to file any revised amended complaint, consistent with the Court's Order, within thirty (30) days.

IT IS SO ORDERED.

DATED this 6th day of July, 2011.

_____
Thomas S. Zilly
United States District Judge